UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **CHAD CROUCHET** | DOCKET NUMBER: _____ |
| VERSUS | SECTION: _____ |
| **DOUGLAS ANDERSON, IN HIS OFFICAL CAPACITY AS SHERIFF OF AVOYELLES PARISH SHERIFF'S OFFICE, AND LIEUTENANT LOFTON, AKA SOUL, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS DEPUTY AT AVOYELLES PARISH SHERIFF'S OFFICE** | MAGISTRATE: _____ |

## COMPLAINT FOR DAMAGES ARISING UNDER 42 U.S.C. § 1983 VIOLATIONS AND JURY DEMAND

The plaintiff, Chad Coruchet, a person of full age of majority and resident of the State of Louisiana, through undersigned counsel, respectfully says that:

JURISDICTION AND VENUE

1. This is a civil action under 42 U.S.C. § 1983 seeking damages against the defendants for committing acts, under color of law, with the intent and purpose of depriving the plaintiff of rights secured under the Constitution and laws of the United States, and for refusing or neglecting to prevent such deprivations and denials to the plaintiff.

2. Jurisdiction is proper in this Court under 28 U.S.C. § 1331 (federal question) and 42 U.S.C. § 1983. This Court also has supplemental jurisdiction over Mr. Crochet's state-law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court under 28 U.S.C. 1391(b) because a substantial part of the events or omissions giving rise to the plaintiff's claims occurred in this judicial district.

PARTIES

4. Plaintiff, Chad Crouchet, is, and was at all material times, a prisoner of the State of Louisiana in the custody of the Louisiana Department of Public Safety and Corrections. He is currently confined in Elayne Hunt Correctional Center in St. Gabriel, Louisiana. At the time of the actions or omissions, Mr. Crouchet was confined in Avoyelles Parish Bunkie Detention Center ("Bunkie Detention Center").

5. Defendant, Douglas Anderson, is, and was at all material times, the elected sheriff of Avoyelles Parish and had full control over the Bunkie Detention Center. At all material times, he acted under color of state law by the nature of his position and in:

   a. Overseeing the Bunkie Detention Center;
   b. Maintaining the wellbeing and safety of inmates;
   c. Creating, maintaining, and implementing policies to maintain the wellbeing and safety of inmates;
   d. Creating and implementing training programs to ensure deputies can maintain the wellbeing and safety of inmates at Bunkie;
   e. Determining the number of deputies needed to retain control and maintain the wellbeing and safety of inmates; and
   f. Assign specific deputies at the Bunkie Detention Center.

6. Sheriff Anderson is a natural person who, upon information and belief, is domiciled in the Parish of Avoyelles, State of Louisiana.

7. Sheriff Anderson is liable to the plaintiff under 42 U.S.C. § 1983 and *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978), as well as being vicariously liable under La. C.C. Arts. 2317 and 2320 for the tortious acts and omissions of his deputies at the Bunkie Detention Center violating La. C.C. Arts. 2315 and 2316.

8. Defendant, Lieutenant Lofton, is, and was at all material times, a sheriff's deputy at the Bunkie Detention Center for the Sheriff Anderson. Lt. Lofton's jailhouse nickname is "Soul." At all material times, he acted under the color of state law by the nature of his position and in:

    a. Taking an oath to uphold the law and fulfil his duties;
    b. Wearing a uniform and badge Sheriff Anderson issued to him; and
    c. Undertaking the role as the custodian of inmates.

9. Lieutenant Lofton is a natural person, who, upon information and belief, is domiciled in the Parish of Avoyelles, State of Louisiana.

10. Sheriff Anderson assigned Lieutenant Lofton to Bunkie as a prison guard and instructed him to carry out his duties in accordance with the Sheriff's Office's policies and procedures.

11. At all material times, Lt. Lofton acted in the course and scope of his duties as an employee of Sheriff Anderson.

## FACTS

12. On June 18, 2016 at approximately 6:30 p.m., Chad Crouchet sat on his bunk bed while with several other inmates in dorm 5 at Bunkie.

13. Another inmate, Wesley Fransisco, came up behind the plaintiff and struck Mr. Crouchet in the face.

14. After a brief struggle, the plaintiff got to his feet and walked to the front of the dorm where he notified the deputy on duty, Timothy, that Mr. Fransisco struck plaintiff from behind. That deputy notified Lieutenant Lofton of the incident.

15. Lieutenant Lofton ordered the plaintiff and Mr. Fransisco out of the dorm. Lieutenant Lofton failed to restrain either Mr. Fransisco and Mr. Crouchet. Instead, he ordered the two inmates to walk to the security building.

16. Mr. Fransisco, who was behind the plaintiff, punched Mr. Crouchet a second time, in the jaw, causing him severe injuries.

17. Lieutenant Lofton pepper sprayed both inmates and placed them in lock down.

18. Lt. Lofton took Mr. Crochet to dorm 6 and placed him in solitary confinement.

19. The plaintiff informed the deputy assigned to dorm 6 that he needed to see a doctor because of his injuries. The deputy notified Lieutenant Lofton.

20. Lt. Lofton and other of Sheriff Anderson's deputies did not allow the plaintiff to seek medical attention until the following day.

21. The following day, Mr. Crouchet went to UMC of Lafayette, Louisiana where the head physician informed him that his jaw was broken in two places and that he would require two surgeries to repair.

22. Mr. Crouchet underwent a surgery that resulted in his jaw being wired shut for a period. The doctors inserted two metal plates in the bottom front and left sides of his jaw.

23. The plaintiff suffered, and continues to suffer, the following damages:

    a. Surgery on his jaw;

    b. Future dental care, including but not limited to, additional surgery;

    c. Pain and suffering;

    d. Disfigurement; and

    e. Mental anguish.

## PREVIOUS ADMINISTRATIVE ACTION

24. The plaintiff followed the Louisiana Administrative Remedy Procedure ("ARP") as set forth in La. Admin. Code tit. 22 § 325(G). He mailed a handwritten request for administrative remedy, dated June 20, 2016, describing the incident to Sheriff Anderson through Warden Rabalis, the Warden of DC2 Bunkie.

25. On the same date, Mr. Crochet mailed an emergency sensitive ARP to the Secretary of the Department of Corrections. He did not receive a response from the Secretary of the Department of Corrections.

26. Mr. Crouchet notified Sheriff Anderson that he was transferred to Hunt Correctional Center.

27. Sheriff Anderson did not respond to plaintiff's complaint. No one else responded to his complaint.

28. The plaintiff sent a request for a status update on his administrative remedy to Sheriff Anderson in September 2016. Mr. Crouchet has not received any response.

29. After the Sheriff failed to respond to the plaintiff's request for administrative remedy, Mr. Crouchet appealed to the secretary of the Department of Public Safety and Corrections on December 29, 2016. He sent his appeal via certified mail. The plaintiff has not received any response in the second administrative step.

30. Under La. Admin. Code tit. 22 § 325(J)(1)(b)(iv), the plaintiff now seeks relief by filing suit in this Court.

## LEGAL CLAIMS

31. The plaintiff re-alleges the previous paragraphs for each of the counts below.

32. In the event, but only to the extent, that the factual or legal basis for any claims are mutually exclusive, plaintiff pleads them in the alternative.

COUNT I: 42 U.S.C. § 1983 VIOLATIONS BY LIEUTENANT LOFTON

33. Lieutenant Lofton, while acting under color of state law, failed to protect Chad Crouchet as required under the 8th Amendment of the U.S. Constitution and is liable under 42 U.S.C. § 1983.

34. Lieutenant Lofton wore a uniform and a badge. He carried pepper spray and handcuffs.

35. Lieutenant Lofton took an oath stating he would uphold the laws of the State of Louisiana and follow the directives of Sheriff Anderson.

36. At the time of the incident, Lieutenant Lofton was on duty and acting under color of state law.

37. Lieutenant Lofton acted with deliberate indifference and/or was deliberately indifferent after he intervened in Mr. Fransisco's attack on the plaintiff. Specifically, Lt. Lofton:

    a. Failed to restrain Mr. Fransisco;

    b. Failed to separate Mr. Fransisco from Mr. Crouchet;

    c. Failed to request assistance in guarding Mr. Crouchet and Mr. Fransisco; and

    d. Failed to take Mr. Crouchet to the infirmary after the incident for the plaintiff to receive medical attention for his injuries.

COUNT II: NEGLIGENCE CLAIM AGAINST LIEUTENANT LOFTON

38. Lieutenant Lofton had a duty to protect Mr. Crouchet once he decided to intervene in the fight between Mr. Fransisco and Mr. Crouchet. Lieutenant Lofton was negligent when he:

    a. Failed to follow established rules and procedures;

    b. Failed to restrain Mr. Fransisco;

    c. Failed to separate Mr. Fransisco from Mr. Crouchet;

    d. Failed to request assistance in guarding Mr. Crouchet and Mr. Fransisco; and

    e. Failed to take Mr. Crouchet to the infirmary after the incident for the plaintiff to receive medical attention for his injuries.

39. Defendant Lofton breached his duty to Mr. Crouchet when he failed to protect the plaintiff from further attacks by Mr. Fransisco.

40. Mr. Crouchet suffered from a broken jaw, and ensuing treatment and suffering, because Lieutenant Lofton failed to protect him from Mr. Fransisco.

41. Defendant Lofton knew or should have known that his failure to protect Mr. Crouchet could cause the plaintiff's injuries.

42. Lieutenant Lofton is liable under La. C.C. Arts. 2315 and 2316 because his negligent actions caused of Mr. Crouchet's injuries.

COUNT III: 42 U.S.C. § 1983 VIOLATIONS BY DOUGLAS ANDERSON

43. Douglas Anderson is liable, in his official capacity as Sheriff of Avoyelles Parish, under 42 U.S.C. § 1983 and *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978).

44. Douglas Anderson, as the elected Sheriff of Avoyelles Parish, had the authority to create policy or custom.

45. Sheriff Anderson's edicts or acts represent official policy for the Avoyelles Parish Sheriff's Office and for Bunkie.

46. Sheriff Anderson failed to enact policies to keep inmates in the plaintiff's situation safe.

47. Douglas Anderson did not properly train employees assigned to Bunkie to keep prisoners in the plaintiff's situation safe.

48. Sheriff Anderson was deliberately indifferent in adopting training policies and/or implementing policies intended to keep inmates safe from harm.

49. The lack of policies and/or improper training directly caused Lieutenant Lofton's deliberate indifference and his deprivation of Mr. Crouchet's 8th Amendment rights.

### COUNT IV: NEGLIGENCE CLAIM AGAINST DOUGLAS ANDERSON

50. Douglas Anderson, in his official capacity as Sheriff of Avoyelles Parish Sheriff's Office, is vicariously liable for Lieutenant Lofton's negligence under La. C.C. Arts. 2317 and 2320 because Lieutenant Lofton was acting in the course and scope of his employment with Sheriff Anderson at the time of the plaintiff's injury.

### JURY REQUEST

51. Plaintiff requests a jury trial on all issues.

**WHEREFORE**, the plaintiff, Chad Crouchet, prays that the Court issue summons to the defendants, Douglas Anderson, in his official capacity as Sheriff of Avoyelles Parish Sheriff's Office, and Lieutenant Lofton, individually and in his official capacity as deputy at Avoyelles Parish Sheriff's Office, citing them to appear and answer this complaint within the legal delays.

The plaintiff further prays that, after due proceedings, the Court render judgment in favor of the plaintiff, Chad Crouchet, and against the defendants, Douglas Anderson, in his official capacity as Sheriff of Avoyelles Parish Sheriff's Office, and Lieutenant Lofton, individually and in his official capacity as deputy at Avoyelles Parish Sheriff's Office, in solido, in an amount

- 9 -

sufficient to compensate him for his injuries, pain and suffering, punitive damages, reasonable attorney's fees and court costs, and any other equitable relief that is appropriate.

Respectfully Submitted:

Attorneys for Chad Crouchet, Plaintiff

_____
JOHN A. VENEZIA (#23963)
johnvenezia@venezialaw.net
Venezia & Associates (APLC)
757 St. Charles Avenue
Suite 302
New Orleans, LA 70130
(504) 486-3910 voice
(504) 486-3913 fax